JULIAN E. BAILES, Judge Pro Tem.
Plaintiff, All American Life and Casualty Company (All American), filed this suit against Albert J. Pilet, defendant, to recover the sum of $1,160.31 allegedly representing the balance due on advances made to the defendant under an insurance agency contract between the parties.
There is no valid dispute between the parties that at the time all American terminated the contract there was a balance due it of $1,788.91, however, by crediting com *761 missions due defendant on renewal-premiums for two years post termination the balance due all American was reduced to the amount sued for of $1,160.31.
The written employment contract between the parties contained this provision relative to the defendant’s entitlement to renewal premiums, viz:
“After termination, second party (defendant herein) shall be entitled to receive first year’s commissions * * * and shall be entitled to receive * * * one year’s accident and sickness renewal commissions for each full contract year of continuous service.”
The defense urged by defendant is set forth in his answer in these words : c,
“And for further answer defendant respectfully shows that in the normal course of the insurance business advances made to agents by insurance companies are paid from the commissions earned by the said agent and companies must, in the normal court of affairs recover any advances made by means of withholding commissions earned by agents for business obtained by the said agent for the particular company.”
This defense is contrary to the written provision of the agency contract. When the defendant attempted to elicit pa-rol evidence from witnesses on the stand to support this defense and to prove that such was the custom in the trade, the plaintiff objected on the ground that parol evidence was not admissible to vary the terms of a written contract. The trial court excluded such testimony.
It is too well settled to require citation of authority that in the existing posture of this case, the evidentiary ruling of the trial court was correct.
The defendant testified that about two weeks prior to trial he received from the plaintiff an information copy of Internal Revenue Service Form 1099-MISC which we reproduce as follows:

Although the introduction of this document into evidence was objected to by All American as being a defense not pleaded and an enlargement of the pleading the trial court admitted the document as “responsive in proof” of payment of the advances herein sued for by All American. Mr. Gilbert L. Bechtold, the Vice President and Comptroller of All American, in explanation of Form 1099, testified that All American charged off the advance account of defendant and it was through the use of Form 1099 that the charge off was reported to the government, and that it did *762 not represent a payment by All American to the defendant of $1,160.31.
In rendering judgment in favor of the defendant, the trial court dictated into the record the following reasons for judgment:
“I have to give weight to every document and exhibit which is introduced into evidence. Certainly, these contracts very specifically set forth the agreements of the parties. And I have not allowed any testimony parole [sic] in character, to alter or vary the terms of those agreements. But there has been offered into evidence a written document in the form of an informational return to the Federal Government of Form 1099 evidencing, in effect, a payment for the balance due of $1,160.31 to this defendant. And this defendant now, under the tenor of that form, in my opinion, is obligated to make his return to the Federal Government consistent therewith, and assume the burden of taxes for the income he received in 1972. And he also has the right to claim the benefits as it may appear in the way of a special defense against this charge. And I have to so rule.
“I find that in this instance, this special defense of offset of commission, although not named in the pleadings of Article 14 in the defense, is adequately established under the proof adduced.
“I can go on what I see, and explanations, though. It may logically be correct. And I am not challanging [sic] the veracity of Mr. Bechtold. But I am allowing his parole [sic] explanation to vary and alter a very specific document to which is clear and unambiguous on its face. It says payment under the column of $1,160.31 on that form. And I have to so construe that it came and initiated itself from the plaintiff company. And I am obliged to give credence to unambiguous language on the instrument.
“And for these reasons, I so rule and have to dismiss the plaintiff’s case. I could be wrong. But such as it may, it will be for the Court of Appeal to decide it.
“Gentlemen, I only have to do these things, as I say, from the point of objectivity, giving weight and credence to all of the evidence. And that is what I hope I have done here.”
We find the trial court erred in denying All American judgment herein. In explanation of Form 1099, All American satisfactorily explained the intended purpose of Form 1099, even though erroneously completed. Even should the defendant be liable for the payment of income tax on the amount of $1,160.31, he would be entitled to a write-off of the entire amount. It is^ highly speculative that there is any tax liable whatever on the part of the defendant on the mere completion of the form. If defendant should incur a tax obligation through the fault of All American, at that time there would arise a cause of action to recover the amount of tax liability incurred.
We find no reason why a satisfactory explanation cannot be made to the Internal Revenue Service of an error made in the completion of this form.
The defendant is not entitled to a credit of $1,160.31 against the advance herein sued on.
In his brief, appellee argues that the sum of $141.91 included in the account was advanced to an agent working under defendant and the $119 charged to defendant was incurred as charges for medical examinations on policies not delivered are not owed by defendant. Mr. Pilet did not dispute this portion of the indebtedness in his testimony, and in fact, no testimony at all was elicited from him in this regard on direct examination. There is no evidence before us that Mr. Pilet made any objection at the time his account was charged with these items. We find these charged to be owed.
*763 For the foregoing reasons, the judgment appealed is reversed and there is judgment herein in favor of All American Life and Casualty Company, appellant, and against Albert J. Pilet, appellee, in the sum of One Thousand One Hundred Sixty and 31/100 Dollars ($1,160.31), together with legal interest thereon from date of judicial demand until paid, and for all court costs.
Reversed and rendered.